MAYOR AND ALDERMEN OF CITY OF BROOKHAVEN *v.* BOARD OF SUPERVISORS OF LAWRENCE COUNTY.

Suit Against the County to Recover Taxes — Evidence — Minutes of the Board.
     When suit is brought against a county to recover taxes illegally col-
     lected, it is error to exclude the minutes of the board of police containing
     the order for the levy of the taxes, even though they be badly kept and
     are imperfct.[1]

Taxes Collected — Action to Recover — Bill of Particulars — Objections to
     Amendment.
     In an action to recover taxes collected, the averments of the declaration,
     with the list of persons and State tax appended, is a sufficient bill of
     particulars. Objections thereto should be stated specifically so that the
     bill of particulars may be amended, if insufficient.[2]

The mayor and board of aldermen of Brookhaven brought
this suit against Lawrence county to recover taxes collected from
the inhabitants in the town of Brookhaven, in 1869, while Brook-
haven was a part of Lawrence county, for the support of paupers.

A list of the persons from whom the taxes was collected was
filed with the original declaration and made an exhibit to the
declaration and this declaration by averment made this list a part

---

[1]
     It is error to exclude competent evidence from the jury. Roberts *v.* Single-
ton, 2 Cush. 438.

     And this, though it may be insufficient to make out the claim or defense.
Moody *v.* Harper, 3 Cush. 484; Phillips *v.* Burrus, 13 S. & M. 31.

     The board of supervisors can only bind the county by an affirmative act
within the scope of its authority. Its contract must be evidenced by an entry
on its minutes, and the same cannot be varied by proof that the party dealing
with the board was led into a misunderstanding of the contract by some of
the members of the boards, who, in open session, when the contract was
entered into, made incorrect statements to him as to its terms. Bridges *v.*
Clay County, 58 Miss. 817.

     "It shall be the duty of the clerk of the board of police to keep and pre-
serve a complete and correct record of all the proceedings and orders of the
boards. He shall enter on the minutes the names of the members who attend
at each meeting, and the names of those who fail to attend. He shall safely
keep and preserve all records, books, and papers pertaining to his office, and
deliver them to his successor when required. The minutes of each day shall
be read over and signed by the president." Code of 1857, p. 416, art. 14.

of the declaration. An amended declaration was afterwards filed that did not contain this averment.

On the trial the plaintiff offered in evidence the minutes of the board of police of Lawrence county, containing the order for the levy of the taxes for the year 1869.

2

The bill of particulars, to be filed with the declaration, must state distinctly the several items of plaintiff's claim against the defendant. Soria v. Planters' Bank, 3 How. 46.

A general statement in the bill "that the defendant was, before a particular time mentioned in it, indebted to plaintiff in $800 for money before that time loaned," is not sufficient. Soria v. Planters' Bank, 3 How. 46.

The declaration averred that the defendant was indebted for five head of horses sold by plaintiff to defendant, viz: two black horses, one yellow bay horse, and one bay horse; and that they were reasonably worth $550; *Held,* that the bill of particulars was not necessary to be filed, as the items of the indebtedness were sufficiently set out in the declaration. Nevit v. Rape, 6 How. 653.

It cannot be objected to for the first time in the high court, after trial and verdict in the court below, that no bill of particulars was filed. Bank of Louisiana v. Ballard, 7 How. 371.

After issue joined in ejectment, either party may demand of the other a bill of particulars of his title, which is to contain a reference to and a short abstract of all deeds, papers, &c., relied on, with a note of the place where they are recorded; and if not recorded, then copies of the writings, with the names of the subscribing witnesses. Code of 1857, p. 388, art. 12.

When the bill of particulars, taken in connection with the petition to enforce a mechanics' lien, as fully advise the defendant of the plaintiff's claim as if a specific statement of every piece of work was set out in the petition, it is a substantial compliance with the statute. McLaughlin v. Shaughnessy, 42 Miss. 520.

The office of a bill of particulars is to give specific notice of the cause of action. It should not be less specific than the declaration, nor include items not within its scope. Where a declaration counts on the non-delivery of cotton shipped in November, 1879, and March, 1881, it is error to allow the bill of particulars to be amended on the trial so as to charge the cotton sued for to have been lost "during the cotton season of 1879-80." This is too general, and, besides, it embraces demands not included in the declaration. Railroad Co. v. Provine, 61 Miss. 288.

Where the account filed with a declaration is not itemized, and defendant moves to quash the process for that reason, it is proper, on plaintiff's application, to give leave to file an amended bill of particulars. Bloom v. McGrath, 53 Miss. 249.

Even after appeal to the Circuit Court by plaintiff in attachment, plaintiff should be allowed to file an itemized account of his demand, the amount

On defendant's objection this was excluded.    There was a verdict and judgment for defendant, from which plaintiff appeals. The only error assigned was the action of the court in excluding this evidence.

Appealed from Circuit Court, Lawrence county, A. G. Myers, Judge.

Reversed and remanded for new trial, February 24, 1883.

*Attorney for appellant, A. C. McNair.*

*Attorney for appellee, R. H. Thompson.*

Brief of A. C. McNair:
*    *    *    The only question now before the court is the action of the trial court in excluding from the jury the entries offered in evidence, set forth in the bill of exceptions and the abstract. The first entry is in these words: "October term, 1869 (October)." The second was the appointment of Clower as clerk of the board

of which was set out in the affidavit for attachment. If defendant is surprised and prejudiced, he may have a continuance. McCleary *v.* Anthony, 54 Miss. 708, explained; Boisseau *v.* Kahn, 62 Miss. 757.

In ejectment, where a plaintiff demands a bill of particulars of title under section 1551, Code 1871, and defendant files such bill with the clerk instead of delivering it to the plaintiff, and for this reason objection is made to the evidence, it is proper to overrule the objection, provided plaintiff is given the right to a continuance if he is taken by surprise, and it is proper to allow a bill of particulars amended at the trial by changing the references to pages of the record. Summers *v.* Brady, 56 Miss. 10.

The absence of a bill of particulars cannot be assigned for error, no objection having been made below. Tierney *v.* Duffy, 59 Miss. 364.

In suits upon open accounts, a bill of particulars should be filed with the declaration. Beard *v.* Orr & Lindsay Shoe Co., 8 So. 512.

In ejectment, both parties having been allowed 90 days in which to file a bill of particulars of title, and both having filed the same within that period, the case was called for trial and reset twice. Plaintiff's bill of particulars was defective in not showing title from the government down. *Held,* not an abuse of discretion, after the case was called for trial on the last day, and the jury was in the box, to refuse leave to plaintiffs to file an amended bill of particulars showing title from the government; there being nothing in the record to excuse the delay, or to show that the amendment was exhibited to the court. Goforth *v.* Stingily, 30 So. 690.

of police of Lawrence county. The third was the order of the board of police levying the taxes for the year 1869. The fourth was the adjourning order of the board of police, signed by J. T. Cannon, president of the board of police. The foundation for the introduction of this testimony was laid by the evidence of H. Weathersby, clerk, who testified that he was both the chancery and circuit clerk of Lawrence county, that he found the book offered in evidence and from which the entries were offered to be read, when he came into office among the records of his office, and that he received it from his predecessor in office, and that it was the minutes of the old board of police. This identifies the book as the minutes of the board of police of Lawrence county, beyond a doubt. The objection made to the introduction of the evidence was, there was nothing to show an organization of the board of police, and for this reason the entries should not be read. The court took this view and excluded the evidence. Was the action of the court right?

The statute in force at this time did not require the minutes to show an organization of the board. It was simply made the duty of the clerk of the board of police to keep and preserve a complete and correct record of all the proceedings and orders of the board. Code 1857, p. 416. art. 14.

The entries offered in evidence show that they were made and approved by the board of police, and the minutes signed by the president of the board of police. The evidence shows, first, that the book offered was the minutes of the board of police, and that at the October term of the board, 1869, the levy of taxes was made for the year 1869. And if these facts are true, the action of the lower court in excluding the evidence was certainly erroneous. It was unnecessary to show the organization of a court. The simple question is, were the orders acts of the board? Of this there can be no doubt. They bear within themselves sufficient evidence thereof. If these minutes showed nothing more than the entries offered (of which there is no evidence), still they were admissible.

First, because the statute did not require the minutes to show an organization, but required the clerks to keep and preserve a correct record of the proceedings and orders, and to enter on the minutes the names of members attending and those not attending, and I submit that a failure of the clerk to enter a proper organiza-

tion and the names of the members attending, etc., would not have the effect, in this case, to render the whole proceeding a nullity, and justify the court in excluding the evidence, as I take it such requirements will be considered to be directory. It was held by this court in Arthur *v.* Adams & Speed, 49 Miss. 404, that the part of the statute quoted requiring the minutes to be read and signed by the president was directory. Another reason why the testimony should not have been rejected is, that the county is undertaking to take advantage of its own wrong (if any wrong there is). It is undertaking to object to its own act or judgment, and is estopped to do so. If the entry of the levy of tax was sufficient to take from the people of the town of Brookhaven the money sued for, it is certainly sufficient to recover it back. It was necessary to prove the levy of the tax and amount thereof, in order to establish appellant's debt.

Brief of R. H. Thompson:.

This case will have to be affirmed, because no matter whether the court below erred or not in excluding the testimony offered, the bill of exceptions shows that the excluding testimony *was all the testimony,* and if that offered had been admitted it did not make out even a *prima facie* case of the plaintiff.

The testimony offered was properly rejected, for several reasons. No bill of particulars was filed with the declaration, either original or amended. § 1540, Code 1880, and corresponding section, Code 1871. "The list of tax-payers and amount of *state tax* paid by the inhabitants of Brookhaven to the tax-collector of Lawrence county for the year 1869," and which was filed with the original declaration (but not referred to or adopted by the amended declaration) is no bill of particulars of *pauper tax* sued for.

The proposed testimony was properly rejected because the book presented failed in any way to identify itself. The clerk's testimony that it was the "minutes of the old police court" was merely a personal opinion; the book did not have a recital of the organization of the board of police in it; it did not show who made the entries, who were present at any (pretended) meeting, *whether only one or a thousand;* it did not show where any of the pretended meetings were held. On the contrary, though, the clerk gave his opinion that it was the record of a board of police (he did not

say of what county), yet the entries proposed to be read sound like military proceedings.

The first order offered to be read was entirely foreign to the subject-matter of the suit and was properly excluded for that reason alone.

The second order is void as not identifying the county referred to therein.

There is no legitimate connection, no connection at all between the two orders; for all this court knows, dozens of pages of written matter intervened between the two orders. There is nothing to show when the second order is made, whether before or after this suit was brought.

OPINION.—CAMPBELL, C. J.:

The minutes of the board of police containing the order for the levy of taxes should have been admitted in evidence.

Although badly kept and ever so imperfect, if they were the minutes of the board, and the levy of county taxes served the purpose of enabling the collector to collect the money now sought to be recovered as having gone into the treasury of the county, the appellant should have been allowed to show it. The suggestion of the inadmissibility of the evidence because of the want of a bill of particulars with the declaration is not well made because the list of persons and State tax appended to the declaration, coupled with its averment, is sufficient, and, if it was not, the objection to the evidence should have been based on that ground expressly, so that application to amend the bill of particulars, if necessary, could be made. The proposition that the statement of the bill of exceptions that this was all the evidence, shows that the plaintiff could not make out this case, and suffered no harm from the exclusion of the evidence offered, is not sound, for the bill of exceptions is to have a reasonable interpretation, and plainly shows that the plaintiff was cut off from presenting his case by the denial of the right to show the necessary data for ascertaining the money which went into the county treasury, and which the plaintiff claimed to be entitled to recover. This was all the evidence offered on which the ruling complained of was made, but it does not appear that this was all the evidence in the plaintiff's power to produce.

*Judgment reversed* and cause remanded for a new trial.